THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TIM I. MARTINSON, Defendant-Appellant.

Second District    No. 79-470

Opinion filed October 6, 1980.

Mary Robinson and Donna R. Palm, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Tim Martinson, was convicted in a jury trial of armed robbery and was sentenced to six years' imprisonment. The basis for defendant's appeal is the alleged error created by the prosecution in cross-examining a defense witness in an attempt to impeach him regarding the witness' post-arrest silence and the alleged error arising from the prosecutor's comment in closing argument in relation to the silence of this witness.

The defendant and Brett Erickson (the defense witness) were both charged with an armed robbery which occurred on October 2, 1978. Erickson was arrested on the night of the robbery, while the defendant was arrested about one week later. On January 5, 1979, the defendant here was granted a severance from his co-defendant, Erickson. Martinson was tried by a jury on January 17 and January 18, 1979. At this time the case against the co-defendant, Erickson, had not yet been tried.

The testimony at defendant's trial established that defendant and Erickson spent most of the day and evening of October 2, 1978, together

and that late in the evening Erickson stopped at the home of a relative and returned to the car with a gun; that Erickson then drove to the "Stop and Go" food store in Rockford; Erickson then went into the store and at gun point robbed the cashier on duty of $29; while Erickson was in the store, defendant moved into the driver's seat of the car; Erickson came out of the store, got into the passenger's seat, and defendant drove the car away; about an hour later, they were chased by a police car; the defendant got out of the car and fled; defendant was not captured at that time, but was arrested one week later. Defendant acknowledged his participation in the events of October 2, but attempted to disclaim responsibility by testifying that he did not know about nor did he share Erickson's intent to rob the store. Erickson testified for the defense and essentially corroborated defendant's story that defendant had no knowledge of his intent to rob the store prior to the occurrence.

During the State's cross-examination of Erickson, the following exchange occurred:

"Q. You and your friend, Tim Martinson, have both been in custody since that happened on October 2, 1978 or shortly thereafter, have you not?

A. Yes.

Q. When you were arrested by the police and they asked you about this, you didn't tell them anything about Tim Martinson that you've told this jury today, did you?

A. No, I didn't.

Q. In fact, you didn't tell them anything at all when you were asked what you did or what Martinson did, did you?

A. I always heard you're supposed to have a lawyer present when you talk to the police.

Q. But that's for your rights. Why, if this man is innocent and he's your friend, why didn't you tell the police what you told this jury?

MR. SWANSON: Objection.

THE COURT: Objection sustained."

Thereafter, defense counsel did not request that an admonishment be given to the jury. During the prosecutor's closing argument, he stated as follows:

"* * * He's the same young man who told the police nothing about the supposed innocence of his buddy, Tim Martinson. When Erickson was arrested, he didn't try to get him off the hook, then. Which, I am saying to you, I think he would have done if he knew Martinson was innocent.

MR. SWANSON: Your honor, I'll object.

THE COURT: Overruled, proceed."

■■ We note initially that defendant has failed to include the alleged error

as part of either a written or oral post-trial motion, as neither was filed, and accordingly we deem that consideration of his argument on appeal has been waived. (*People v. Schoo* (1977), 55 Ill. App. 3d 163, 371 N.E.2d 86.) We additionally believe that it is not proper to review this point under the "plain error" rule (Ill. Rev. Stat. 1979, ch. 110A, par. 615(a)), because it did not result in a substantial prejudice to defendant's right to a fair trial, as we shall discuss hereafter.

First, defendant's attorney did object to the complained-of cross-examination of the defense witness, and the trial judge sustained the objection. Although defense counsel did not submit a request that the jury be admonished to disregard the questions or answers, we note that People's Instruction No. 1, which was given to the jury, did instruct the jury to disregard questions to which objections were sustained. Accordingly, we conclude that no prejudice attached to defendant from the questions asked, as an objection was sustained, and the jury was given a general instruction to disregard such testimony.

■■ Second, we consider any possible error involved in the reference in the State's closing argument. The State's reference here was again objected to, but this time the trial court overruled the objection. Since the earlier testimony had been objected to and sustained, the State's reference in closing argument was accordingly a statement which was not based on properly admitted evidence, and it was accordingly error to overrule defendant's objection to the reference. However, we do not believe that defendant was prejudiced by this reference for the following reasons. People's Instruction No. 3, which was given to the jury, instructed the jury that closing arguments are not evidence and that the jurors should disregard statements by the attorneys which are not based on the evidence. Additionally, we believe that there was sufficient evidence before the jury to convince them beyond a reasonable doubt of defendant's guilt, such as the evidence that defendant knew that Erickson entered the store with a gun; that Erickson had told defendant that he was going to rob the store; that defendant drove the escape car and left the store's parking lot with the lights off on the car; and that defendant fled so as to elude the police who had given chase. Furthermore, there was evidence before the jury impeaching Erickson's credibility by proof of a prior conviction for theft over $150. We accordingly conclude that the error in the State's closing argument was at most harmless error beyond a reasonable doubt.

Defendant also claims support for his position in *People v. Godsey* (1978), 74 Ill. 2d 64, 68, 383 N.E.2d 988, 990, where the supreme court stated that "[t]he danger of prejudice to a criminal defendant also exists when the person impeached by prior silence is a defense witness." We agree that such a danger exists, but it is our opinion that *Godsey* is inapplicable because the attempted impeachment questions were objected to and

the objection was sustained by the trial court and because, as we have indicated above, we do not believe that defendant was prejudiced by the brief improper remark in the prosecutor's closing argument. Further, *Godsey* is distinguishable on its facts in that the silence of the witness in *Godsey* was predicated on the assertion of her fifth amendment privilege before a grand jury where she could not be sure as to whether or not she was the object of the investigation; in contrast, the silence of the witness in the present case was only discussed to the degree that it related to the culpability of the defendant.

Furthermore, as pointed out above, defendant failed to raise the point now exclusively relied upon for reversal in a post-trial motion. It is difficult to fairly conclude that the prejudice now asserted rises to the level of "plain error" when objected to by trial counsel as in this case and never asserted as the basis of a post-trial motion. The trial judge, who was in the best position to observe and determine the extent of the claimed prejudice here, has never had an opportunity to pass on this issue. (*Godsey*, dissent.) The absence of claiming the error in the post-trial motion further distinguishes this case from *Godsey*.

Defendant's conviction is accordingly affirmed.

Affirmed.

UNVERZAGT and VAN DEUSEN, JJ., concur.